UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TISHA M. DALEY, | ) |
|     Plaintiff, | ) |
| v. | ) CASE NO.: _____ |
| INSTANT BRANDS, INC., | ) JURY TRIAL DEMANDED |
|     Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL**

Plaintiff, **TISHA M. DALEY**, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **COHEN & MALAD, LLP**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **INSTANT BRANDS, INC.** (hereafter referred to as "Defendant Instant Brands," and "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1. Defendant Instant Brands designs, manufactures, markets, imports, distributes and sells a wide-range of consumer kitchen products, including the subject "Instant Pot Duo Nova Pressure Cooker," which specifically includes the Duo Nova 80 (referred to hereafter as "pressure cooker(s)" or "Subject Pressure Cooker") that is at issue in this case.

1

2. Defendant touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case sustained serious and substantial bodily injuries and damages when the lid of the pressure cooker was able to be rotated, opened, or removed while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. Defendant ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

---

[1] See, e.g. Instant Pot Duo Nova User Manual, pgs. 23-25. A copy of the User Manual is attached hereto as "Exhibit A."

6. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF TISHA M. DALEY

7. Plaintiff is a resident and citizen of the City of Richmond, County of Wayne, State of Indiana.

8. On or about January 17, 2021, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "Built-In Safety Features," which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT INSTANT BRANDS INC.

9. Defendant designed, manufactured, marketed, imported, distributed, and sold a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

10. Defendant boasts that "cooking with Instant Brands is everyday magic,"[2] and that their products are "all designed to simplify the joys of home cooking, promote healthy lifestyles, and give you more time to enjoy great meals with the people you love."[3]

---

[2] *See* https://www.instanthome.com/about-us (last accessed December 27, 2022)
[3] *Id.*

11. Defendant Instant Brands is a Delaware corporation with its principal place of business located at 3025 Highland Parkway, Downers Grove, IL 60515, and as such is deemed a citizen of both the State of Illinois and the State of Delaware.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Indiana and intentionally availed itself of the markets within Indiana through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

15. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

16. Defendant aggressively warrants, markets, advertises, and sells its pressure cookers as "[e]asy to use, easy to clean, fast, versatile, and convenient"[4] and repeatedly boasts about its pressure cookers' purported "proven safety features."[5]

---

[4] *See* https://www.instanthome.com/product/instant-pot/duo/6-quart-pressure-cooker-v4 (last accessed December 27, 2022).
[5] *Id.*

17. For instance, the Defendant claims that its pressure cookers include a "Pressure Locking Lid" which "locks into place once the cooker has pressurized."[6]

18. To further propagate its message, Defendant has used, and continues to utilize, numerous media outlets including, but not limited to, infomercials, social media websites such as YouTube, and third-party retailers. For example, the following can be found on Defendant's YouTube webpage entitled "Getting to Know Your Knew Instant Pot IP-DUO":

   a. "The first thing you need to know about your IP-DUO is that **you don't need to be afraid of it**, as many people are afraid of stovetop pressure cookers."[7]

   b. "With 10 safety features built in, you can use your Instant Pot with confidence, **knowing that it is not going to explode**."[8]

   c. "In addition, keep in mind that your Instant Pot operates at relatively low pressures of 11 to 12 psi or lower, depending on the pressure setting that you use."[9]

19. In a similar video entitled "Introducing Instant Pot IP-DUO series electric pressure cooker," spokesperson Laura Pazzaglia, founder of the website "Hip Pressure Cooking"[10] boasts of the pressure cooker's "10 safety features," stating that this "new model detects the position of the lid" and "once the lid is locked, and the contents are under pressure, **there's no way to open the pressure cooker**."[11]

---

[6] Instant Pot Duo Nova User's Manual, pg. 23.
[7] https://www.youtube.com/watch?v=w1RKj9E8TY0 (video with a runtime of 11:26) at 0:42-0:46 (last accessed December 27, 2022).
[8] *Id*. at 0:47 – 0:55.
[9] *Id*. at 0:56 – 1:08. This apparently suggest that even if the lid is opened while the unit is still pressurized, it will not harm you.
[10] *See* https://www.hippressurecooking.com/ (last accessed December 27, 2022)
[11] https://www.youtube.com/watch?v=bVA2EqPf0s0 (video with a runtime of 8:30) (last accessed December 27, 2022).

20. According to the User's Manual accompanying each individual unit sold, the pressure cookers possess a "Pressure Locking Lid" and a "Float Valve" which "pops up and locks the lid of the cooker in place for safe pressure cooking,"[12] misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

21. By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

22. Plaintiff used the pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by the Defendant.

23. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

24. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

26. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

---

[12] Instant Pot Duo Nova User's Manual, pg. 29.

27. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal their knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers, demonstrating a callous, reckless, willful, and depraved indifference to the health, safety, and welfare of Plaintiff and others like her.

28. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

29. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### INDIANA PRODUCT LIABILITY ACT

30. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

31. At all times relevant herein, Defendant was in the business of designing, manufacturing, marketing and selling the pressure cooker to consumers such as Plaintiff.

32. As designers, manufacturers, and sellers of the pressure cooker, Defendant is liable to Plaintiff for her injuries and damages under Indiana law as:

    a. Plaintiff was harmed by the defective condition of the pressure cooker which permitted the lid to detach while the unit was still pressurized, causing the contents to explode out of the pressure cooker and causing Plaintiff severe burn injuries;

    b. The defective condition existed at the time it was distributed or sold by Defendant;

    c. Plaintiff was a foreseeable user or consumer of the pressure cooker;

    d. Defendant was in the business of selling the pressure cooker; an

    e. The pressure cooker reached the Plaintiff in the condition it was sold.

33. As designed and manufactured, the pressure cooker was in a defective condition because at the time it was sold or otherwise distributed by the Defendant it was in a condition (a) not contemplated by reasonable persons among those considered expected users or consumers of the pressure cooker; and (b) that was unreasonably dangerous to the expected user or consumer when used in a reasonably expectable way of handling or consumption.

34. As labeled, the pressure cooker was defective because Defendant failed to properly package the pressure cooker to give reasonable warnings of danger about the product and Defendant failed to give reasonably complete instructions on the proper use of the pressure cooker when the Defendant by exercising diligence, could have made such warnings or instructions available to Plaintiff.

35. Defendant is strictly liable to Plaintiff for any manufacturing defect which permitted the pressure cooker to be distributed or sold in the defective condition.

36. Defendant failed to exercise reasonable care under the circumstances in designing the pressure cooker which permitted the pressure cooker to be distributed or sold in the defective condition and are liable for Plaintiff's resulting injuries and damages under Indiana law.

37. Defendant failed to exercise reasonable care under the circumstances in providing the warning or instructions for the pressure cooker which permitted the pressure cooker to be distributed or sold in a defective condition and are liable for Plaintiff's resulting injuries and damages under Indiana law.

38. As a direct and proximate result of the defective condition of the pressure cooker, Plaintiff sustained injuries and damages for which Defendant is liable under Indiana law.

## COUNT II
## BREACH OF EXPRESS WARRANTY

39. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

40. Defendant expressly warranted to consumers, including Plaintiff, that the pressure cooker was safe for ordinary use.

41. Defendant expressly warranted to consumers, including Plaintiff, that pressure would not build in the pressure cooker unless and until the lid was shut correctly and was sealed.

42. Defendants expressly warranted to consumers, including Plaintiff, that once pressure increases in the pressure cooker, the lid cannot be opened.

43. Defendant expressly warranted to consumers, including Plaintiff, that the lid to the pressure cooker will not unlock until all the pressure is released from the pressure cooker.

44. Defendant breached its express warranty to Plaintiff as, unbeknownst to Plaintiff: (a) the pressure cooker can become pressurized if the lid is not shut correctly and no seal is formed; (b) the lid to the pressure cooker can be removed or otherwise become detached while the pressure cooker is pressurized.

45. As a direct and proximate result of the defective condition of the pressure cooker, Plaintiff sustained injuries and damages for which Defendant is liable under Indiana law.

## COUNT III
## <u>PUNITIVE DAMAGES</u>

46. Plaintiff incorporates by reference all preceding paragraphs and allegations of the Complaint as though fully set forth herein.

47. Defendant falsely represented and expressly warranted to its consumers, including Plaintiff, that the pressure cooker possessed and maintained a number of "safety features."

48. Defendant knew the pressure cookers contained dangerous defects which allowed the lid to open while still pressurized, and Defendant knowingly subjected its consumers to the risk of serious injury as a result of the defect.

49. Defendant made knowing misstatements and omissions about the pressure cooker's lid locking feature.

50. Defendant has knowingly permitted the defective pressure cookers to remain on the market and in use by hundreds of thousands of consumers despite Defendant's knowledge of the defective and unreasonably dangerous condition of the pressure cooker.

51. Defendant's conduct in knowingly permitting the defective pressure cookers to remain on the market and in use by hundreds of thousands of consumers despite Defendant's actual knowledge of the defective and unreasonably dangerous condition of the pressure cooker amounts to clear and convincing evidence that Defendant acted with malice, fraud, gross negligence or oppressiveness which was not the result of mistake of fact or law, honest error or judgment, mere negligence or other human failing.

52. Defendant subjected other persons, including Plaintiff, to probable injury with an awareness of such impending danger and with heedless indifference to the consequences by knowingly permitting the defective pressure cookers to remain on the market and in use by

hundreds of thousands of consumers despite Defendant's actual knowledge of the defective and unreasonably dangerous condition of the pressure cooker.

53. As a result of Defendant's conscious disregard for the likely injurious consequences of their course of conduct, Plaintiff sustained injuries and damages entitling her to an award of punitive damages against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant Instant Brands, Inc. for damages, including punitive damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses, and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. punitive damages on all applicable Counts as permitted by the law;

e. a trial by jury on all issues of the case;

f. an award of attorneys' fees; and

g. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

Dated: January 3, 2023

**COHEN & MALAD, LLP**

*/s/ Lynn A. Toops*
Lynn A. Toops, Esq. (No. 26386-49)
Amina A. Thomas, Esq. (No. 34451-49)
One Indiana Square, Suite 1400

Indianapolis, IN 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

*In association with*:

**JOHNSON BECKER, PLLC**

Michael K. Johnson, Esq. (MN #0258696)
*Pro Hac Vice to be filed*
Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
(612) 436-1801 (f)
mjohnson@johnsonbecker.com
akress@johnsonbecker.com
arick@johnsonbecker.com

***ATTORNEYS FOR PLAINTIFF***