# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

TISHA M. DALEY,

    Plaintiff,

v.

INSTANT BRANDS, INC.,

    Defendant.

CASE NO.: 1:23-cv-00006-JRS-MJD

## DEFENDANT INSTANT BRANDS INC.'S PRELIMINARY WITNESS AND EXHIBIT LISTS

COMES NOW Defendant INSTANT BRANDS INC., by counsel, LEWIS BRISBOIS BISGAARD & SMITH LLP, pursuant to the Case Management Plan approved by the Court on February 17, 2023 [DE 21], and provides the following Preliminary Witness and Exhibit Lists.

**I.  WITNESSES**

1. Current and/or former employees, agents, and representatives of Instant Brands Inc., including, but not limited to:

    a. Robert Wang, as former Founder and Chief Executive Officer.

    b. Yi Qin, as former Founder and Former Chief Innovation Officer at Instant Brands.

2. Plaintiff Tisha M. Daley.

3. Joshua Summers.

4. Any eyewitness to the subject incident who may have information and knowledge regarding the facts and circumstances of the incident and Plaintiff's alleged injuries and damages.

5. Family members and friends of Plaintiff who may have information and knowledge regarding the subject incident and Plaintiff's alleged injuries and damages.

6. Any and all treating and attending physicians or healthcare professionals of Plaintiff, including but not limited to, those individuals who may be identified by the Plaintiff as well as any medical providers identified through written and oral discovery and/or in Plaintiff's medical records.

7. The Record's Custodian of Plaintiff's medical treatment providers and any other entity that has or will produce documents in this matter.

8. Any individual whose name appears, or is otherwise referenced in documents produced or discovered in this litigation.

9. Any individual that may be revealed in discovery or subsequent investigation with knowledge of the claims and defenses in this lawsuit.

10. Any individual or representative disclosed by any other party.

11. Any individual or representative identified by any other party in response to written discovery.

12. Any and all individuals identified in any deposition and/or deposition exhibits.

13. Any and all individuals identified in any documents produced by non-parties in response to any subpoena and non-party request for production.

14. Any and all individuals who have and/or will give depositions in this matter.

15. Any individual necessary to provide rebuttal, impeachment, or refuting testimony during discovery or at trial, or necessary to lay the foundation for the admissibility of any document or thing, and any relevant information they may possess.

16. Any witness named by Plaintiff at any time as a retained expert witness in this case.

17. Retained expert witness(es). Defendant will disclose the expert witnesses it intends to call at trial once ascertained during the course of discovery, and may further retain and disclose expert witnesses necessary to rebut testimony from any of Plaintiff's expert witnesses.

18. By identifying the foregoing individuals, Defendant does not waive the right to assert the attorney-client privilege, the attorney work product doctrine and/or any other privilege or protection.

19. Defendant reserves its right to supplement this list as discovery and investigation continues and pursuant to any court order.

**II.   EXHIBITS**

At this time, the parties are in the process of proposing and finalizing a Protective Order for the purpose of safeguarding the document disclosure. Defendant will disclose the non-privileged and non-confidential documents, data compilations, and tangible things in its possession, custody or control, that may be relevant to the disputed facts alleged with particularity in the pleadings in the near future. Defendant anticipates the following categories of documents will be produced subsequent to the entry of the Protective Order:

1. Documents in Defendant's possession related to the Instant Pot unit ("subject unit") that is the subject of this litigation, including, but not limited to, the following:

   a. Documents relating to the design, manufacture, testing, and quality control of the subject unit.

   b. Documents relating to the UL testing of the subject unit.

   c. Documents and packaging provided with the subject unit, including, but not limited to the User Manual and all labeling.

   d. Exemplar of the subject unit.

   e. Documents related to the marketing, distribution, and sale of the subject unit.

2. Medical records, medical reports, and billing records relating to treatment of Plaintiff.

3. All documents identified by Plaintiff in this action.

4. All documents obtained through the course of discovery pertaining to the claims and defenses in this case, including documents received by any party to the litigation from non-parties though subpoena *duces tecum*.

5. Any and all items disclosed by Plaintiff in Plaintiff's Rule 26(a)(1) Initial Disclosures and/or Plaintiff's Preliminary Exhibit List.

6. Any and all pleadings filed by any party.

7. Any and all discovery responses of any party, including, but not limited to, any documents, items, or tangible things produced therewith.

8. Any and all medical records, diagnostic reports, x-rays, narratives, bills, invoices, statements, and/or any other records from Plaintiff's physicians, medical providers, and/or hospitals.

9. Any and all of Plaintiff's employment records.

10. Any and all of Plaintiff's income tax and wage records.

11. Any and all photographs and/or video recordings of Plaintiff.

12. Any and all social media postings published by Plaintiff.

13. Any and all photographs, diagrams or other depictions of the alleged scene of the occurrence and surrounding areas.

14. Any and all deposition transcripts and exhibits.

15. Any and all expert reports of any expert disclosed by any party.

16. *Curriculum vitae* of any expert disclosed by any party.

17. Any and all documents, items and/or tangible things produced by any non-party in response to any subpoena/request for production.

18. Any documents necessary for purposes of rebuttal, impeachment and/or establishing bias of a witness.

19. Any and all exhibits disclosed by any other party.

20. Any evidence, documents, and/or exhibits related to this matter which may be subsequently discovered or come to the attention of the parties throughout the course of discovery and investigation into this case.

21. To the extent documents have been or will be withheld as confidential, privileged or protected by the work product protection, they will be documented in an appropriate privilege log. Additionally, certain documents may be designated as "Confidential," in whole or in part, and will be disclosed only pursuant to a Confidentiality and Protective Order, upon entry by the Court.

22. Defendant reserves the right to identify additional documents and materials and supplement this list. Defendant recognizes and acknowledges the duty to supplement these responses as the discovery of additional relevant information is uncovered.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: /s/ Ami T. Anderson
Ami T. Anderson (27609-45)
Ami.Anderson@lewisbrisbois.com
Marisa R. Lareau (36047-49)
Marisa.Lareau@lewisbrisbois.com
2211 Main Street, Suite 3-2A
Highland, IN 46322
T: 219-440-0600 // F: 219-440-0601